IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARSEAN MOSLEY, : | |
| Petitioner, : | |
| : | 1:14-cv-1507 |
| v. : | |
| : | Hon. John E. Jones III |
| J WALSH, *et al*. : | |
| Respondents : | |

**MEMORANDUM**

June 30, 2015

On March 2, 2009, Petitioner Darsean Mosley ("Mosley"), pled guilty to two counts of first degree Robbery in the Court of Common Pleas of Lycoming. (Doc. 21-1, pp. 1-3). On April 28, 2014, he filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his guilty plea. (Doc. 1). Respondents filed a Response (Doc. 20) and Memorandum of Law (Doc. 21) on October 14, 2014, raising, *inter alia*, the untimeliness of the petition. Mosley's request to amend his petition was granted. (Doc. 23). He filed an amended petition on June 15, 2015. (Doc. 26). For the reasons set forth below, the petition and amended petition will be dismissed as untimely pursuant to 28 U.S.C. § 2244(d).

**I.   BACKGROUND**

On March 2, 2009, following his guilty plea, Mosley was sentenced to forty

to eighty months imprisonment in a state correctional institution. (Doc. 21-1, pp. 1-3). No direct appeal was filed.

On November 5, 2009, he filed a petition for post conviction collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-46. (Doc. 21-4, pp. 1-12). The PCRA court issued an order indicating its intent to dismiss the petition, finding it to be without merit. (Doc. 21-5; Doc. 21-6). Mosley did not respond to the proposed dismissal of the petition. (*Id.*) Consequently, the petition was dismissed on December 22, 2011. (*Id.*). He pursued an appeal to the Superior Court of Pennsylvania, which affirmed the PCRA court's denial of relief on February 21, 2012. (Doc. 21-6). His request for reargument or reconsideration was denied on March 1, 2013. (Doc. 21-7). Thereafter, he filed a Petition for Allowance of Appeal with the Pennsylvania Supreme Court, which was denied on October 10, 2013. (Doc. 21-8).

The instant petition was filed on April 28, 2014. (Doc. 1).

## II.   DISCUSSION

A state prisoner requesting habeas corpus relief pursuant to 28 U.S.C. § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (d)(1) A one-year period of limitations shall apply to an

> application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of - (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . .
>
> (d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); *see generally*, *Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999). Under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired. *See Nara v. Frank*, 264 F.3d 310, 314 (3d Cir. 2001). Thus, the period of time for filing a habeas corpus petition begins to run when direct review processes are concluded. *See Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000) (stating that "the AEDPA provides that upon conclusion of direct review of a judgment of conviction, the one year period within which to file a federal habeas corpus petition commences, but the running of the period is suspended for the period when state post-conviction proceedings are pending in any state court.").

Mosley was sentenced on March 2, 2009, and no direct appeal was filed. His

judgment became final thirty days later, on April 2, 2009, when his time to seek direct appellate review expired.  The one-year period for the statute of limitations commenced running as of that date and expired on April 2, 2010, Hence, the federal petition filed on April 28, 2014, is patently untimely.  However, this does not conclude the court's analysis as it is necessary to consider both statutory and equitable tolling.

   A.   *Statutory Tolling*

Section 2244(d)(2) tolls the one year statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  The Third Circuit Court of Appeals has defined "pending" as the time during which a petitioner may seek discretionary state court review, whether or not such review is sought.  *Swartz v. Meyers*, 204 F.3d 417 (3d Cir. 2000).  "Pending," however, does not include the period during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition.  *Stokes v. Dist. Attorney of the Cnty of Philadelphia*, 247 F.3d 539, 542 (3d Cir. 2001).

The statute of limitations in the matter *sub judice* began running April 2, 2009, and, absent any tolling, expired on April 2, 2010.  Mosley successfully tolled

the time period when he filed his timely PCRA petition on November 5, 2009. At that point, approximately 217 days of the one-year period had elapsed. The statute remained tolled until October 10, 2013, when his petition for allowance of appeal was denied by the Pennsylvania Supreme Court.[1] The statute of limitations began running on October 10, 2013, and expired 148 days later on March 10, 2014. Consequently, his federal petition, which was received in federal court on April 28, 2014, was filed after the expiration of the limitations period and is untimely.

   B.   *Equitable Tolling*

A habeas petitioner may also be entitled to equitable tolling of the AEDPA statute of limitations. *See Merritt v. Blaine*, 326 F.3d 157, 161 (3d Cir. 2003) (holding that AEDPA's time limit is subject to the doctrine of equitable tolling, a judicially crafted exception); *Johnson v. Hendricks*, 314 F.3d 159, 162 (3d Cir. 2002). Significantly, this statute of limitations is subject to equitable tolling only in extraordinary circumstances. *See Merritt*, 326 F.3d at 161. Thus, while equitable tolling is permitted in state habeas petitions under AEDPA, it is not favored. "Courts must be sparing in their use of equitable tolling" and only permit

---

[1] A second PCRA was filed on December 14, 2011, and dismissed on February 2, 2012. *see* Court of Common Pleas of Lycoming County electronic docket number CP-41-CR-000157-2009 ("Lycoming County electronic docket")). This filing has no bearing on the tolling of the statute of limitations as the statute was tolled at the time due to the pendency of the first petition.

5

it where "principles of equity would make rigid application of a limitation period unfair." *Sistrunk v. Rozum*, 674 F.3d 181, 189 (3d Cir. 2012).

In *Merritt*, the Third Circuit Court of Appeals set forth two general requirements for equitable tolling: "(1) that the petitioner has in some extraordinary way been prevented from asserting his or her rights; and (2) that the petitioner has shown that he or she exercised reasonable diligence in investigating and bringing the claims." *Merritt*, 326 F.3d at 168 (internal citations and quotations omitted). Mere excusable neglect is not sufficient. *Miller v. New Jersey State Dep't of Corr.*, 145 F.3d 616, 618-19 (3d Cir. 1998). The Court of Appeals has identified additional circumstances in which equitable tolling is warranted: (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, and (4) the claimant received inadequate notice of his right to file suit, a motion for appointment of counsel is pending, or where the court has misled the plaintiff into believing that he had done everything required of him. *See Yanes v. Nish*, No. 1:CV-08-2234, 2009 WL 1045884, at *2 (M.D. Pa. 2009) (Caldwell, J.) (citing *Jones*, 195 F.3d at 159).

Mosley bears the burden of demonstrating his entitlement to equitable

tolling and his due diligence. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Cooper v. Price*, 82 F. App'x. 258, 260 (3d Cir. 2003). His 217 day delay in filing his PCRA petition does not demonstrate reasonable diligence. Nor does the passage of approximately 200 days between the final disposition of his PCRA petition and the filing of his petition in federal court. Additionally, he fails to meet the extraordinary circumstances element in that he was not actively misled, he was not in some extraordinary way been prevented from asserting his rights, he did not timely assert his rights mistakenly in the wrong forum, and the was not mislead by the court regarding the steps needed to take to preserve his claims. Hence, equitable tolling of the AEDPA statute of limitations is not warranted in this case.

## III.   CONCLUSION

For the reasons set forth above, the petition for writ of habeas corpus (Doc. 1) and the amended petition (Doc. 26) will be dismissed as time-barred.

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional

claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the procedural disposition of this case debatable. *See Vogt*, 2010 WL 126155, at *8 (concluding that "jurists of reason would not find it debatable whether the Petition was filed within the one-year limitation period provided for under AEDPA" and denying a certificate of appealability). Accordingly, there is no basis for the issuance of a certificate of appealability.

The denial of a certificate of appealability does not prevent Mosley from appealing the order denying his petition so long as he seeks, and obtains, a certificate of appealability from the court of appeals. *See* FED. R. APP. P. 22(b)(1), (2).

A separate order will enter.